UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| EGT, LLC, a Delaware Limited Liability Company,<br><br>                      Plaintiff,<br><br>    v.<br><br>PORT OF LONGVIEW, a municipal corporation and political subdivision of the State of Washington,<br><br>                      Defendant. | No.<br><br>COMPLAINT |

Plaintiff EGT, LLC, by and through its attorneys, alleges as follows:

## I. INTRODUCTION

1. This is an action for a declaratory judgment, brought pursuant to the Declaratory Judgment Act, 28 U.S.C § 2201, et seq., adjudicating the respective rights and obligations of the parties under the agreement identified below.

## II. PARTIES

2. Plaintiff EGT, LLC, f/k/a EGT Development, LLC ("EGT" or "Plaintiff"), is a Delaware Limited Liability Company headquartered in Portland, Oregon.

COMPLAINT – 1

CORR CRONIN MICHELSON
BAUMGARDNER & PREECE LLP
1001 Fourth Avenue, Suite 3900
Seattle, Washington 98154-1051
Tel (206) 625-8600
Fax (206) 625-0900

3. Defendant Port of Longview ("Defendant" or "Port") is a port located in Cowlitz County, Washington.

### III. JURISDICTION AND VENUE

4. As set forth below, the amount in controversy in this matter exceeds the sum of $75,000, exclusive of costs and interest. The parties' dispute is between the citizens of different states. The Court has diversity jurisdiction of this action pursuant to 28 U.S.C. § 1332(a) as a result.

5. Venue in the Western District of Washington at Tacoma is proper pursuant to 28 U.S.C. § 1391(a)(2) and Local Rule CR 5(e)(1), as Defendant resides in and the property at issue in the action is situated within Cowlitz County, Washington.

### IV. FACTUAL ALLEGATIONS

### THE LEASE

6. On June 1, 2009, EGT and the Port entered into an agreement under which EGT leased from the Port certain property in Cowlitz County for an initial period of thirty years ("Lease"). A true and accurate copy of the Lease is attached hereto as Exhibit A.

7. EGT leased the Property for purposes of constructing a grain terminal ("Terminal"). The Lease expressly confirmed that the construction of this Terminal was in the "best interests of the Port of Longview and the general public."

8. The Lease obligated EGT to: (a) pay the vast majority of the costs necessary to construct the Terminal, which are estimated to exceed $200,000,000; (b) commence operation of the Terminal by March 1, 2012; and (c) pay rent to the Port of a minimum of $135,000 per year during the term of the Lease.

9. The Lease did not impose any obligation whatsoever upon EGT to utilize union labor at the Terminal, much less obligate EGT to utilize persons who are represented by Local 21 of the International Longshore and Warehouse Union ("ILWU").

COMPLAINT – 2

CORR CRONIN MICHELSON
BAUMGARDNER & PREECE LLP
1001 Fourth Avenue, Suite 3900
Seattle, Washington 98154-1051
Tel (206) 625-8600
Fax (206) 625-0900

10. The added business costs associated with utilizing such labor are far in excess of $75,000 per year; in fact, there is a present probability that these added costs will exceed $1,000,000 per year.

11. In reliance on the obligations actually imposed upon the parties by the Lease, EGT has already invested more than $150,000,000 constructing the Terminal.

12. The Terminal will be operational in 2011. EGT has begun the process of attempting to fill the positions of employment necessary to staff the Terminal.

### DEFENDANT'S ATTEMPT TO MISCHARACTERIZE THE LEASE

13. On December 3, 2010, the Port issued a letter to EGT, a copy of which is attached hereto as Exhibit B.

14. The Port's letter purported to interpret section 6.3 of the Lease.

15. Section 6.3 of the Lease is a labor warranty ("Labor Warranty") provided to EGT by the Port at EGT's request for EGT's benefit.

16. The Labor Warranty does not impose any obligations of any kind on EGT.

17. Despite this fact, the Port took the position and continues to maintain the position that the Labor Warranty provided to EGT for EGT's benefit obligates EGT to employ persons who are represented by the ILWU.

18. The Port further indicated that, if EGT disagrees with the Port's interpretation of the Labor Warranty, the parties "have a serious dispute" that "should be very promptly presented to the appropriate court and resolved in a declaratory judgment action."

19. EGT disputes the Port's interpretation of the Lease and the Labor Warranty, as well as the Port's attempt to use this mischaracterization of the parties' agreement to impose upon EGT the additional and significant labor costs set forth above.

COMPLAINT – 3

CORR CRONIN MICHELSON
BAUMGARDNER & PREECE LLP
1001 Fourth Avenue, Suite 3900
Seattle, Washington 98154-1051
Tel (206) 625-8600
Fax (206) 625-0900

## V. FIRST CAUSE OF ACTION

## DECLARATORY JUDGMENT

20. Plaintiff repeats and realleges paragraphs 1 through 19 as if fully set forth herein.

21. Pursuant to 28 U.S.C § 2201, et seq., this Court has the authority to adjudicate the respective rights and obligations of the parties under the Lease and the Labor Warranty contained therein.

22. EGT disputes the Port's attempt to misinterpret the Labor Warranty and impose upon EGT the additional and significant labor costs set forth above. Neither the Lease nor the Labor Warranty contained therein impose any such obligation upon EGT.

23. As expressly confirmed by Defendant as set forth above, an actual and justiciable controversy exists between Plaintiff and Defendant as to the obligations actually imposed upon the parties by the Labor Warranty, a dispute that should be promptly decided by this Court.

## VI. REQUEST FOR RELIEF

Plaintiff requests relief as follows:

A. For a judgment declaring that the Lease does not obligate EGT to employ persons who are represented by the ILWU;

B. For costs and attorney's fees; and

C. For such other and further relief as the Court may deem just and equitable.

COMPLAINT – 4

CORR CRONIN MICHELSON
BAUMGARDNER & PREECE LLP
1001 Fourth Avenue, Suite 3900
Seattle, Washington 98154-1051
Tel (206) 625-8600
Fax (206) 625-0900

1  DATED this 12th day of January, 2011.

CORR CRONIN MICHELSON
BAUMGARDNER & PREECE LLP

*/s/ Michael A. Moore*

Michael A. Moore, WSBA No. 27047
Molly A. Malouf, WSBA No. 31972
Attorneys for Plaintiff

COMPLAINT – 5

CORR CRONIN MICHELSON
BAUMGARDNER & PREECE LLP
1001 Fourth Avenue, Suite 3900
Seattle, Washington 98154-1051
Tel (206) 625-8600
Fax (206) 625-0900

848 00001 la120701