HONORABLE RONALD B. LEIGHTON

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| EGT, LLC, a Delaware Limited Liability Company,<br><br>                           Plaintiff,<br><br>    v.<br><br>PORT OF LONGVIEW, a municipal corporation and political subdivision of the State of Washington,<br><br>                           Defendant. | No. 11-cv-05036-RBL<br><br>ORDER GRANTING INTERNATIONAL LONGSHORE AND WAREHOUSE UNION, LOCAL 21'S MOTION TO INTERVENE [Dkt. #24]. |

THIS MATTER comes before the Court on International Longshore and Warehouse Union, Local 21's Motion for Reconsideration. [Dkt. #24]. On May 17, 2011, the Court denied the Union's Motion to Intervene pursuant to Federal Rule of Civil Procedure 24. [Mot. to Intervene, Dkt. #10; Order Denying Mot., Dkt. #23]. The Union filed a Motion for Reconsideration of this Order [Dkt. #24], contending that it should be permitted to intervene under Fed. R. Civ. P. 24 (a) or (b). For the reasons outlined below, the Motion for Reconsideration is GRANTED.

**I.    FACTS**

EGT leased property from the Port of Longview for EGT to construct a grain terminal. Section 6.3 of the Lease, entitled "Warranty of Labor Provision" purports to govern use of union labor for the project:

> Lessor [the Port] warrants that there are no agreements or restrictions affecting the Port, whether Lessor is a party to the same or otherwise, requiring union labor or prevailing wage compliance (a) in connection with the construction of the Lessee Projects or other Improvements on or about the Premises, or (b) except only as expressly set forth on *Exhibit G-2* hereto, in connection with the operation of the Ship Dock and the Barge Dock, the handling of cargo at the Facility and the operation of the Facility.

*See* Decl. of Michael A. More, Dkt. #16, at Exhibit A, §6.3. The referred Exhibit is an agreement between the Port and the Union known as the "Working Agreement." According to the Port, the Working Agreement requires the Port to employ Union workers for a wide range of traditional longshore jobs and virtually all waterfront and cargo-handling work.

The issue in the underlying action is whether Lease compels EGT to employ Union workers. EGT seeks a declaratory judgment that "the lease does not obligate EGT to employ persons represented by [the Union]." [Complaint, Dkt. #1, at p. 4]. The Port opposes this view.

The Union filed a Motion to Intervene in the lawsuit [Dkt. #10], arguing that can join this action as of right under Fed. R. Civ. P. 24(a), or alternatively, that the Court should allow it to intervene under Rule 24(b). This Court denied that Motion on May 17, 2011. [Dkt. #23]. The Union filed a Motion for Reconsideration. [Dkt. #24].

In the Court's view, the issue is whether to permit intervention under Rule 24(b).

## II.    INTERVENTION UNDER FED. R. CIV. P. 24

A party may intervene in a lawsuit pursuant to Federal Rule of Civil Procedure 24. A party may intervene as of right when (1) its motion is timely; (2) it claims a significantly protectable interest relating to the property of transaction involved in the pending lawsuit; (3) disposition of the action may impair or impede its ability to protect that interest; and (4) the interest is not already adequately represented by the existing parties. Fed. R. Civ. P. 24(a)(2); *See also Southwest Ctr. For Biological Diversity v. Berg*, 268 F.3d 810, 817 (9th Cir. 2001). The

intervening party bears the burden of demonstrating that its interest will not be adequately represented. *Id.* at 823.

Under Rule 24(b), a court may permit a party to intervene when (1) the party's claim shares a "common question of law or fact" with the main action, and (2) the intervention will not "unduly delay the adjudication of the original parties' rights." Fed. R. Civ. P. 24(b)(1)(B), 24(b)(3).

### III. DISCUSSION

**A. The Union has not established that the Port cannot adequately represent its interests.**

The Port argues that the Union should be permitted to intervene as of right under Rule 24(a). EGT argues it should not. The Union has filed a timely motion and has a significant interest in EGT being contractually obligated to employ Union workers. This interest would be impaired if the Court determines that the lease imposes no such obligation. Therefore, the Union can intervene as of right under Rule 24(a) only if they establish that their interests in this case will not be adequately represented by the existing parties.

The Union argues that a "fundamental competition, if not adversity" between the Union and the Port prevents the Port from adequately representing the Union's interest in this matter [Mot. to Intervene, Dkt. #10, at p. 7]. It attempts to distinguish its interest in "the integrity of the Working Agreement" from the Port's "narrower set of concerns relating to contract stability." [*Id.* at 8].

EGT argues that the Port has "ample motivation to vigorously support" the Union's interest in this action because both parties share an identical interpretation of the lease, and, more importantly, "a ruling to the contrary could subject the Port to a claim for damages by the Union" for violating the Agreement's promise to employ Union workers for Port longshore jobs.

ORDER - 3

[Response to Mot. Dkt. #15, at p. 11]. EGT also cites *Arakaki v. Cayetano*, 324 F.3d 1078, 1086 (9th Cir. 2003) for the proposition that "[w]hen an applicant for intervention and an existing party share the same ultimate objective, a presumption of adequacy of representation arises." The applicant must overcome that presumption of adequate representation. *Id.*

The Union has not overcome the presumption that its interest in this case is inadequately represented by the Port, whatever their other differences. The Port and the Union share an identical interpretation of the lease, which is the only issue in the underlying action before the Court. The Union fails to explain how the "adverse" relationship between it and the Port affects their mutual agreement on this narrow issue. Therefore, the Union may not intervene as of right under Rule 24(a).

**B. The Court will allow the Union to intervene under Rule 24(b).**

Permissive intervention is allowed at the discretion of the Court when a party has "a claim that shares with the main action a common question of law or fact," and will not "unduly delay" the original action under Fed. R. Civ. P. 24(b).

The Union argues that the Court should allow it to intervene under Rule 24(b) because its interest in joining the lawsuit lies in the "common question of law" of how the lease agreement should be interpreted.

EGT opposes intervention, arguing that allowing the Union to intervene will delay the timely resolution of the action:

> "The Union[ ] . . . will dramatically expand the scope of this litigation to include irrelevant issues regarding the negotiation and interpretation of the Working Agreement." [Response to Mot. for Reconsid., Dkt. #29, at p. 5].

> "If allowed to intervene, the Union will [ ] take the position in this litigation that the dispute between EGT and the Port is somehow subject to the same 'mandatory grievance and/or arbitration procedures'" that the Working Agreement provides for, and thus attempt to "compel arbitration" pursuant to the Working Agreement.

[Response to Mot., Dkt. #15, at p. 5].

EGT, the Port, and the Union share an interest in the correct interpretation of the Lease. The resolution of this legal question involves the Union's "very real, concrete interest" of whether its workers will be employed by EGT's grain terminal. [Mot. for Reconsideration, Dkt. #24, at p. 1]. Allowing the Union to intervene in order to protect this interest will not unduly delay the action, since it is the very issue being litigated. This Court will allow the Union to intervene for the purposes of advancing this specific interest.

However, EGT is correct that "there is no basis to seek arbitration against EGT under the Working Agreement until the Court first determines whether the Working Agreement even applies to EGT." [Resp. to Mot., Dkt. #15, at p. 4]. The Union will not be permitted to expand the scope of litigation by raising questions about specific provisions within the Working Agreement, or by transferring it to arbitration.

### IV. CONCLUSION

The Union's Motion for Reconsideration [Dkt. #24] is GRANTED, and the Union may intervene as a Defendant in the action between EGT and the Port of Longview.

**IT IS SO ORDERED.**

Dated this 18th day of July, 2011.

RONALD B. LEIGHTON
UNITED STATES DISTRICT JUDGE